## Busing of Nonpublic School Students

CREAMER, Attorney General, October 27, 1972—You have asked for our advice with regard to a letter dated August 9, 1972, from Peter J. Nolan, Esq., Solicitor for Southeast Delco School District, Delaware County, which raises a number of questions dealing with the proper interpretation of section 1361 of the Public School Code of March 10, 1949, P.L. 30, as amended, 24 PS §13-1361, and section 2541 of the School Code, as amended, 24 PS §25-2541.

Section 1361 of the Public School Code provides, in part:

"The board of school directors in any school district may, out of the funds of the district, provide for the free transportation of any resident pupil to and from the public schools and to and from any points in the Commonwealth in order to provide tours for any purpose connected with the educational pursuits of the pupils. *When provision is made by a board of school directors for the transportation of resident pupils to and from the public schools, the board of school directors shall also make provision for the free transporta-*

*tion of pupils who regularly attend nonpublic elementary and high schools not operated for profit. Such transportation provided for pupils attending nonpublic elementary and high schools not operated for profit shall be over established public school bus routes.* Such pupils shall be transported to and from the point or points on such routes nearest or most convenient to the school which such pupils attend. The board of school directors shall provide such transportation whenever so required by any of the provisions of this act or of any other act of Assembly." (Italics supplied.)

Section 2541(4) of the Public School Code provides in part:

"Payments for pupil transportation on account of the school year 1966-1967 and every school year thereafter shall be made only in the following cases:

"(1) To all school districts for the transportation to and from school of elementary school pupils residing one and one-half (1½) miles or more by the nearest public highway from the school to which the pupils are assigned, including nonresident children who are placed in the home of a resident, or who are residents of an orphanage, or home or children's home or other institution for the care and training of orphans or other children, and who attend the public schools.

"(2) To all school districts for the transportation to and from school of secondary school pupils residing two (2) miles or more by the nearest public highway from the school to which the pupils are assigned, including nonresident children who are placed in the home of a resident or who are inmates of an orphan asylum or home or children's home or other institution for the care and training of orphans or other children, and who attend the public schools.

"(3) To all school districts for pupils transported

to and from approved consolidated schools or approved joint consolidated schools living one and one-half (1½) miles or more from the school of attendance.

"Consolidated schools or joint consolidated schools shall so long as they are approved as to organization, control, location, equipment, courses of study, qualifications of teachers, methods of instruction, condition of admission, expenditures of money, methods and means of transportation and the contracts providing therefor, constitute approved consolidated schools or approved joint consolidated schools. [As amended Jan. 14, 1970, P.L. (1969) 468, sec. 83, effective July 1, 1970.]

"(4) To all school districts for the transportation of exceptional children regularly enrolled in special classes approved by the Department of Public Instruction or enrolled in a regular class in which approved educational provisions are made for them.

"(5) To all school districts for pupils transported to and from schools used for the purpose of better gradation."

1. Mr. Nolan asks, first, how the distance is measured for eligibility for reimbursable busing for nonpublic school students under sections 1361 and 2541 (4) and whether the location of the nonpublic school outside the student's district has any legal significance.

On June 24, 1965, former Attorney General Walter E. Alessandroni issued an opinion establishing certain guidelines for the interpretation of section 1361 of the Public School Code. Question 13 of those guidelines is relevant for these purposes:

"13. Do non-public school pupils have to meet the same distance requirements as prevail for public school pupils?

"Yes. This distance, in the case of the non-public

school pupils, is measured from the place where such pupil resides, to the non-public school to which he is assigned by the responsible non-public school authority."

It is our opinion, and you are so informed that the above-quoted guideline applies regardless of where the nonpublic school is located. Mr. Alessandroni properly read sections 1361 and 2541 to indicate a legislative intent that busing be provided to nonpublic students if the distance from *their* home to their school was sufficiently great and if an established bus route was available. It is that intent that has been uniformly followed when the nonpublic school was within the student's school district and there is no reason to believe that the legislature intended differently when the nonpublic school was over the school district line (a line, we note, that can and does often change due to reorganization). To state that public school children living next door to a nonpublic school student may not receive transportation because their school is close to their home is to state a fact that has existed since 1965 and is a "distinction without a difference." The important fact is that the nonpublic school student has not been assigned to the public school near his home, because he does not wish to go there and because he has a constitutional right not to go there, if he wishes to attend a properly accredited nonpublic school: Pierce v. Society of Sisters, 268 U. S. 510 (1924).

It must be emphasized, however, that meeting the distance requirement of section 2541 does not automatically mean that a nonpublic school student must be provided transportation since that student must also be able to take advantage of the "established bus route" provision of section 1361.

It is to this consideration that Mr. Nolan's other

questions relate and it is to those questions we now turn.

2. Where a public carrier route coincides with a public school bus route, may a school district provide bus tickets on that carrier to nonpublic school students, even where the nonpublic school student will remain on the carrier past the school district lines because their school is located outside the district?

The general rule on cross-district busing has been and continues to be that a school district has no responsibility to provide such busing for public school students. See Alessandroni Guidline #8 and Question #39. That rule must, of course, apply here; i.e., there is no responsibility on the part of the school district to bus across district lines. But the logical corollary must also be stated: Since there is a duty to bus along the established route, it can be of no consequence or importance to the school district where the nonpublic school students disembark from the bus once the bus has left the school district boundaries. Thus, bus tickets may be provided to ride along the established route (just as additional school buses may also be provided). If that bus ticket is good for a ride past the district boundary to the nonpublic school, so much the better. If connections are needed, or additional fare must be provided, that is the responsibility of the nonpublic students' parents, not of the school district.

3. Will a school district be reimbursed for the purchase of the tickets described in (2) above and, if so, on what basis—prorated or full?

The school district will be reimbursed but only for the cost to get the student to the district line. If that fare will take the student further than the district line, it need not be prorated; but if an additional fare is charged by the carrier once the bus passes the dis-

trict line, that charge will not be reimbursed and need not be paid by the district.

4. May school districts recover such costs for prior years, if they have not yet applied?

Although there is a July 1st deadline for reimbursement applications after each school year, the Department of Education will consider late applications if appropriated unexpended funds still remain for the year in question. We see no legal difficulties in such an approach.